**BROOKS OIL COMPANY, Plaintiff,**

v.

**NEW AMSTERDAM CASUALTY COM-PANY, Defendant.**

**Civ. A. No. 36457.**

United States District Court
N. D. Ohio, E. D.

March 21, 1962.

A. H. Dudnik, Wm. Mendelson, Cleveland, Ohio, for plaintiff.

J. Hall Kellogg, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

The amended complaint alleges that plaintiff processes and manufactures petroleum products, among which is a lubricant called "Klingfast" which it sold in various amounts during 1953 and 1954 to a customer, Paulsen-Webber-Cordage Corporation. Paulsen later filed an action in this Court (Civil No. 32512) against this plaintiff for breach of warranty with

respect to the product and on February 19, 1959, after trial, a judgment was entered against plaintiff in the amount of $55,000, which judgment was satisfied by the plaintiff's paying Paulsen the sum of $48,450. Plaintiff further alleges that it had a contract with defendant insuring plaintiff "for various risks and losses" (Amended Complaint, par. 2), that plaintiff tendered the claims and defense of the action filed by Paulsen to defendant, that defendant disclaimed all liability under the contract and refused to defend the action or pay the judgment, although such losses and obligations were covered by the insurance policy.

Plaintiff claims to have been damaged in the amount of the judgment paid plus investigation, research and attorneys' fees totaling $34,969.

Defendant answered, admitting and denying certain allegations, and, thereafter, filed the subject Motion for Summary Judgment.

The substance of the motion is that the contract of insurance applies to property damage caused by "accident," the Amended Complaint does not allege that the occurrence which formed the basis of the judgment against plaintiff was an "accident," there was, in fact, no "accident" within the meaning of the insurance policy (and as that term is construed by defendant), and therefore the Amended Complaint "fails to state a claim upon which relief can be granted." Defendant's Brief, p. 25.

■ Before a Court may render summary judgment it must find that there is no genuine issue as to any material fact. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant has not attempted to make such a showing and it clearly appears from the briefs that there are factual issues, particularly with re-

spect to the occurrences which gave rise to the liability of plaintiff in Civil Action No. 32512, which the Court would be required to resolve in order to determine the extent of defendant's liability, if there be any, in this case.

■ This motion cannot be treated as one to dismiss for failure to state a claim upon which relief can be granted (as suggested on page 1 of Defendant's Reply Brief), since it was not "made before pleading" as required by Rule 12(b). See 2 Moore's Federal Practice, 2nd Ed., p. 2234.

■ The defense of failure to state a claim is not waived if not presented by motion or responsive pleading but may be asserted by motion for judgment on the pleadings or at trial. Rule 12(h).

■ As a motion for judgment on the pleadings for failure of plaintiff to state a claim upon which relief can be granted, defendant's motion must be overruled. The complaint meets the requirements of Rule 8(a) (2). Rule 8(e) (1) provides that no "technical forms of pleading or motions are required." Defendant's argument is based entirely on the theory that because plaintiff did not employ the single word "accident" in the Amended Complaint it does not state a claim for relief. The Amended Complaint, paragraph VII, alleges that the losses sustained by plaintiff in defending the lawsuit instituted by Paulsen and in paying the judgment were "covered in said policy." A copy of the policy was attached to the original petition removed to this Court. This is certainly sufficient to state a claim upon which relief can be granted. The use of the word "accident" is no more essential for this purpose than would be the setting out in the Amended Complaint of all other terms of the policy.

Defendant's motion will be overruled.